Davis, J.
(dissenting). I concur in all that is contained in the dissenting opinion of Price, J.; but I wish to add that while there can be no reasonable doubt that there is a clear distinction between a tax on the right to inherit and a tax on the property inherited, yet, to my mind, it is fallacious to argue that a tax on the right to inherit which is measured by the value of the property inherited, as in this case, is not identical with a tax on the property, and it seems to me that no dog ever ran around after his own tail in a more complete circle than is made by this process of reasoning.
The same sort of fallacy is involved in the argument that this statute does not mate any exemption because it taxes every inheritance and deducts three thousand dollars from the amount inherited in every case, and therefore that an inheritance of three thousand dollars or less is not exempt from the tax for the reason that it is liable to the tax but is saved therefrom by an equivalent deduction. ,We need not deceive ourselves by phrases, and we cannot so mislead others. The effect of this statute is to exempt all inheritances amounting to three thousand dollars or less, and clearly that was the intention of the legislature. In State ex rel. v. Ferris, 53 Ohio St., 314, 326, construing a statute which literally taxed the property inherited, this court held “that where the operation and effect of the statute are considered, it may be regarded as taxing the right or privilege *260 rather than the property.” If the court was right in that case in following the operation and effect of the statute rather than its language, then the same rule would conclusively establish that this statute exempts all inheritances of three thousand dollars or less, because that is its effect. It remains to be seen in the future whether it does not exempt from taxation as much in value as will be taxed. If that proves to be the case the inequality will be apparent to everybody. It is plain to be seen, however, that it produces a gross inequality in taxation. The exemption of persons in a class taxed produces inequality, and while complete equality in taxation is impracticable, such wholesale discrimination as is made in this statute is, whether it be a tax on property or not, in violation of article 1, section 2 of the constitution, of Ohio. State ex rel. v. Ferris, supra.
For these reasons I think that so -far as the controversy between the parties is concerned the demurrer to the petition should be overruled; but for the reason that the case is not properly before the court,, as stated by Price, J., the petition should be dismissed. ■